Filed 8/18/20  Villanueva v. Rabobank CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JOE VILLANUEVA, etc., | D075455 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2018-00028998-CU-BT-CTL) |
| RABOBANK, N.A., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Reversed and remanded with directions.

Duane Morris, Paul J. Killion, Cyndie M. Chang, and Christine C. Ross for Defendant and Appellant.

Kaliel, Jeffrey Douglas Kaliel, Sophia Goren Gold; Hindman, Thomas Jesse Hindman; Carlson Lynch, Todd D. Carpenter and Scott G. Braden for Plaintiff and Respondent.

Plaintiff Joe Villanueva (Plaintiff) and defendant Rabobank, N.A. (Defendant) have stipulated that the superior court's November 19, 2018 order denying Defendant's petition to compel arbitration be reversed and

remanded with directions.  As we explain, the stipulation complies with Code of Civil Procedure section 128, subdivision (a)(8) (section 128(a)(8)), and for that reason we will reverse the order.

## I.  STATEMENT OF THE CASE

Alleging causes of action for breach of contract and unfair business practices, Plaintiff filed the underlying action as "a nationwide class action seeking damages and other relief from [Defendant] for its deceptive assessment and collection of so-called continued overdraft fees from its customers in violation of [Defendant's] standardized account agreement . . . ('Deposit Agreement')."

Defendant petitioned to compel arbitration.  The Deposit Agreement includes a "Dispute Resolution and Arbitration" provision (Arbitration Provision), which applies to "[a]ll claims . . . , regardless of legal theory and remedy sought."  Among other terms, the Arbitration Provision delegates to the arbitrator all issues, including the interpretation and application of the provision:  "*All issues* shall be for the arbitrator to decide, including the scope of this [Arbitration] Provision" (delegation clause, italics added).  The Arbitration Provision also provides that, because the Deposit Agreement concerns interstate commerce, the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.) governs the ability to arbitrate.

Plaintiff opposed the petition, arguing that the Arbitration Provision is unenforceable.  Plaintiff principally argued that, because the complaint sought "public injunctive relief" and the Arbitration Provision contains a waiver of "public injunctive relief," the entire provision is void, and none of Plaintiff's claims are subject to arbitration under the Arbitration Provision. (Citing and quoting *McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945 (*McGill*).)

2

Defendant filed a reply brief, and the trial court entertained oral argument.

The court denied Defendant's petition. Citing *Smythe v. Uber Technologies, Inc.* (2018) 24 Cal.App.5th 327, 332 (*Smythe*) for the proposition "that if arbitrability is 'wholly groundless,' then the Court can refuse to enforce the delegation clause," the court concluded that the waiver of public injunctive relief in the Arbitration Provision rendered the provision invalid and unenforceable in this case. (Quoting *McGill*, *supra*, 2 Cal.5th at p. 962.)

Defendant timely appealed from the order denying its petition to compel arbitration. (Code Civ. Proc., § 1294, subd. (a).)

In its opening brief on appeal, Defendant relied on new authority that was unavailable at the time the trial court ruled. Citing *Henry Schein, Inc. v. Archer and White Sales, Inc.* (2019) __ U.S. __ [139 S.Ct. 524] (*Henry Schein*), Defendant argued "that the 'wholly groundless' exception to delegating arbitrability to an arbitrator[—on which the trial court relied in denying Defendant's petition here—]is inconsistent with the FAA and with U.S. Supreme Court precedent." (Quoting *Henry Schein*, at p. __ [139 S.Ct. at p. 530] [" '[T]he [FAA] contains no "wholly groundless" exception, and we may not engraft our own exceptions onto the statutory text.' "].[1])

_____

[1]    We note that the Supreme Court left no doubt about the inapplicability of the "wholly groundless" exception to delegating the issue of arbitrability to the arbitrator under the FAA: "[W]e reject the 'wholly groundless' exception. The exception is inconsistent with the [FAA's] statutory text and with our precedent. It confuses the question of who decides arbitrability with the separate question of who prevails on arbitrability. When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." (*Henry Schein*, *supra*, __ U.S. at p. __ [139 S.Ct. at p. 531].) Thus, "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide

Plaintiff submitted a one-sentence document entitled "Respondent's Notice of Non-Opposition," which provides: "Plaintiff . . . files this Statement of Non-Opposition in response to Appellant's Opening Brief, filed by Defendant[.]"

In response to our inquiry regarding the parties' intent to proceed with the appeal, they submitted a Joint Application and Request to Enter Stipulated Reversal of Order Denying Motion to Compel Arbitration (Stipulation).[2] Among other facts, Plaintiff represents to the court that, by his prior Notice of Non-Opposition, he "acknowledged that reversal is warranted" and that by the current Stipulation, he "acknowledges that the United States Supreme Court's decision in *Henry Schein*[, *supra*, __ U.S. __

---

the arbitrability issue. *That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless.*" (*Id.* at p. __ [139 S.Ct. at p. 529], italics added.)

We further note that, in applying the "wholly groundless" exception to delegating the issue of arbitrability to the arbitrator under the FAA in the present case, the trial court relied on the Court of Appeal's opinion in *Smythe*, *supra*, 24 Cal.App.5th at pages 331-332; *Smythe* relied on specific language in *Qualcomm Inc. v. Nokia Corp.* (Fed. Cir. 2006) 466 F.3d 1366, 1371, in which the federal Court of Appeals expressly authorized the application of the "wholly groundless" exception under the FAA; and *Henry Schein*, *supra*, __ U.S. at page __ [139 S.Ct. at pp. 528-529], abrogated that ruling from *Qualcomm Inc.*

[2]  In their Stipulation, the parties not only request that we reverse the order denying Defendant's petition to compel arbitration, they further request that, on remand, we "(1) direct the Superior Court to grant said motion and order this matter to arbitration, with the first issue to be decided in the arbitration whether [Defendant's] arbitration provision is enforceable. If the arbitrator determines the arbitration agreement is enforceable, the parties will then arbitrate the matter. If the arbitrator determines it is not enforceable, the matter will return to the trial court; (2) issue the remittitur forthwith; and (3) each party shall bear its own costs on appeal [*sic*]."

[139 S.Ct. 524,] requires reversal of the trial court's ruling and that an arbitrator rather than the court must decide whether the arbitration provision is enforceable under *McGill*[, *supra*, 2 Cal.5th 945]."

## II. DISCUSSION

In *Neary v. Regents of University of California* (1992) 3 Cal.4th 273 (*Neary*), our Supreme Court held that "when the parties to an action agree to settle their dispute and as part of their settlement stipulate to a reversal of the trial court judgment, the Court of Appeal should grant their request for the stipulated reversal absent a showing of extraordinary circumstances that warrant an exception to this general rule. Any determination that such circumstances exist must be made on a case-by-case basis." (*Id.* at p. 284.)

After *Neary*, the Legislature modified the appellate court's power to accept a stipulated reversal. Section 128(a)(8) provides that an appellate court may not accept a stipulated reversal unless the court concludes both of the following: "(A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal"; and "(B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."

The court is satisfied that there is no reasonable probability that the interests of nonparties or the public will be adversely affected by the reversal.[3] Further, in the circumstances of this case, the reversal of the trial

---

[3] In particular, we are satisfied that Plaintiff will be able to present *to the arbitrator* his claim for a "public injunction." We express no opinion as to *the arbitrator*'s determination of the effect of the public injunction waiver contained in the Arbitration Provision.

court's order denying Defendant's petition to compel arbitration does not erode the public trust or reduce the incentive for pretrial settlement.

## III.  DISPOSITION

The order denying Defendant's petition to compel arbitration is reversed.  The matter is remanded with directions to grant the petition and to either stay or dismiss the action, as requested in the petition.[4]  The remittitur shall issue immediately.  The parties shall bear their respective costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

IRION, J.

WE CONCUR:

BENKE, Acting P. J.

HUFFMAN, J.

---

[4] Despite the parties' request in their Stipulation (see fn. 2, *ante*), on remand we decline to direct actions that the parties did not request from or present to the trial court in the first instance.  Likewise, on remand, we express no opinion as to whether the court should stay or dismiss the action.